IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOSH MOREING,

        Plaintiff,

   v.

ARMY,

        Defendant.

Case No. 1:24-cv-00249-CL

**OPINION AND ORDER**

**CLARKE**, Magistrate Judge.

Plaintiff Josh Moreing, a self-represented litigant, seeks to proceed *in forma pauperis* ("IFP") in this action against Defendant Army. For the reasons below, Plaintiff's Complaint, ECF No. 1, is dismissed without prejudice and with leave to refile an Amended Complaint within thirty (30) days. Plaintiff's IFP application will be held in abeyance and reconsidered along with the Amended Complaint, if any.

## DISCUSSION

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon

Page 1 – OPINION AND ORDER

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Here, the Court has reviewed Plaintiff's IFP paperwork, and finds he is unable to pay the costs and fees associated with his filing. Plaintiff satisfies the first prong. The Complaint, however, contains too many errors and omissions for the Court to decipher who the Defendant is or what harm has occurred to Plaintiff. It fails to identify the Defendant(s) or provide accurate contact information, it's unclear as to whether jurisdiction is based on federal question, diversity of citizenship, or a U.S. Government Plaintiff, and it lacks any statement of a claim or relief requested. Plaintiff briefly says: "Withholding contact." Without a completed form, the Court cannot find that Plaintiff has stated a claim upon which relief may be granted.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

For the reasons above, it is unclear whether the deficiencies of Plaintiff's Complaint can be cured by amendment. In an abundance of caution, the Court will dismiss without prejudice, and with leave to file an Amended Complaint within thirty (30) days. To the extent that Plaintiff alleges that the actions of specific, named defendants violated his contractual rights, he must identify those defendants and their specific actions against him to show why he is entitled to relief.

## ORDER

Plaintiff's Complaint is dismissed without prejudice and with leave to file an Amended Complaint within thirty (30) days. If Plaintiff fails to file an Amended Complaint, or fails to cure the deficiencies identified above, the case will be dismissed with prejudice. Plaintiff's IFP application will be held in abeyance and reconsidered along with the Amended Complaint, if any.

DATED this __7__ day of __February__, 2024.

MARK D. CLARKE
United States Magistrate Judge